IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                     4:22CR00300-2 JM

FREDDIE GLADNEY, III

## ORDER

A pretrial hearing was held on March 25, 2023 to address eight motions filed by Freddie Gladney, III ("Gladney"). The Court ruled on several motions from the bench and others were taken under advisement. Following are the Courts rulings on the remaining motions, except for the ruling on Defendant's motion to dismiss the indictment (Doc. No. 768) which will be addressed in a separate order.

1.    Defendant's motion in limine to exclude the introduction of a PetSmart video. (Doc. No. 763) is GRANTED.

2.    Defendant's motion in limine to exclude introduction of Tennessee criminal charges (Doc. No. 764) is DENIED. The Court is persuaded by the Government's response (Doc. No. 881), that it has established the four factors required to make evidence of Defendant's prior Tennessee charges admissible pursuant to Federal Rule of Evidence 404(b). *United States v. Thomas*, 593 F.3d 752, 757 (8th Cir. 2010).[1] At the time of its introduction by the Government,

---

[1] "Evidence of other crimes is admissible under Rule 404(b) if it is (1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value." *Id.* at 757.

1

...

the Court intends to give the jury a limiting instruction. With this, the Court finds the probative value of the evidence would not be unfairly prejudicial to Defendant such that is should be excluded pursuant to Rule 403.

3.      Defendant's motion to suppress evidence from nineteen conversations that were collected based on the wiretap (Doc. No. 766) is DENIED. The parties submitted supplemental briefing on this issue following the pretrial hearing. (Doc. Nos. 946, 963, and 952). In its sur-reply, the Government stated that it does not intend to introduce evidence of the eleven calls (Target Phone 2, Sessions 28, 31, 87, 92, 127, 129, 130, 431, 605, 893, and 1732) in which the other party was not listed as a conspirator in the wiretap application, so the motion is moot as to these Sessions. With respect to the eight calls relating to Defendant's motion to suppress the evidence obtained from the search of 2201 Westport Loop (Doc. No. 765), the Court finds that eight of the conversations on Target Phone 1 (Sessions 24, 25, 568, 577, 1066, 1078, and 1129) were sufficiently minimized. The Government has stated it does not intend to introduce evidence from Session 2657 from Target Phone 1, so as to this Session the motion is also moot.

4.      Defendant's motion to suppress the evidence obtained from the search of 2201 Westport Loop (Doc. No. 765), which the parties agreed at the hearing would rise or fall with the decision on the wiretap motion, is also DENIED.

5.      Finally, Defendant filed objections to the Government's notice of intent to present evidence of some lyrics,[2] including the music videos, from Defendant's music. (Doc. Nos. 898 and 947).  Defendant argues that the lyrics are inadmissible hearsay, are unfairly prejudicial, and violate his First Amendment rights of artistic expression. Defendant also argues generally that

---

[2] See Doc. No. 898, pp. 3-5 for the specific lyrics.

public policy demands that there be safeguards to protect an individual's art from being unfairly used against the artist in a criminal trial.

The Government has submitted four very short clips, 30 seconds total, that contain the lyrics it wants to introduce from Defendant's songs. The Court has reviewed the clips and after careful consideration of the parties' arguments, finds that the challenged evidence is not hearsay and is admissible as a statement by a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A).[3] The court is not persuaded by Defendant's argument that allowing the admission of these limited lyrics and video clips would violate his First Amendment rights to freedom of expression. This argument was briefly addressed in a case relied on by Defendant, *United States v. Wiley*, 610 F. Supp. 3d 440 (D. Conn. 2022), in which the court denied the same argument raised by Defendant:

> "[t]he First Amendment ... does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489, 113 S.Ct. 2194, 124 L.Ed.2d 436 (1993). Instead, where the First Amendment is concerned, "[t]he crucial question is whether the evidence at issue was used for permissible purposes or merely to show that [the defendant] was morally reprehensible due to his abstract beliefs." *United States v. Fell*, 531 F.3d 197, 229 (2d Cir. 2008)

*Id.* at 443–44. The Court finds that the purposes for which the Government offers the evidence is a permissible purpose and not for the purpose of portraying Defendant as being morally reprehensible.

The Court also finds that the probative value of the clips and lyrics offered by the Government is not outweighed by the danger of unfair prejudice. While the *Wiley* court went on to exclude some of the challenged evidence as unfairly prejudicial pursuant to Rule 403, it

---

[3] This section excludes from the definition of hearsay an opposing party's statement if it "is offered against the party and was made by the party in an individual or representative capacity."

3

allowed in those "lyrics that tend to demonstrate [Defendant's] knowledge of the drug trade, his involvement and objectives in drug dealing . . . [and] statements or images with offense-specific content tending to corroborate the Government's other evidence." *Id.* at 446. These are similar to the Government's purpose in introducing the clips in this case, and their admission is not barred by Rule 403.

Finally, while the Court appreciates Defendant's policy arguments as to an artist's lyrics being used against them in a criminal trial, it is not the place of this Court to establish that public policy. For the reasons stated above, the Court finds the lyrics and video clips submitted by the Government are admissible.

6. As always, the Court's rulings in limine may be revisited as the evidence develops at trial. Counsel is required to get permission from the Court prior to going in to any of the evidence that has been excluded in the Court's pretrial rulings.

IN CONCLUSION,

Defendant's motion in limine to exclude the introduction of a PetSmart video (Doc. No. 763) is GRANTED; Defendant's motion in limine to exclude introduction of Tennessee criminal charges (Doc. No. 764) is DENIED; Defendant's motion to suppress evidence based on the wiretap (Doc. No. 766) is DENIED; Defendant's motion to suppress the evidence obtained from the search of 2201 Westport Loop (Doc. No. 765) is DENIED; and Defendant's objections to the Government's notice of intent to present evidence of Defendant's lyrics and music videos (Doc No. 947) are OVERRULED.

IT IS SO ORDERED this 4th day of April, 2024.

                        IT IS SO ORDERED this 4th day of April, 2024.

                        _____
                        James M. Moody Jr.
                        United States District Judge