IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:22CR00300-2 JM

FREDDIE GLADNEY, III

## ORDER

Pending is Defendant's motion to dismiss the Superseding Indictment. (Doc. No. 768). The Government has filed a response (Doc. No. 837) and the Defendant has filed a reply (Doc. No. 901).  A hearing was held on March 25, 2024, during which the Court heard testimony from witnesses, received evidence, and heard arguments of counsel.  Defendant argues that the Superseding Indictment should be dismissed based on violations of both the Sixth Amendment and the Speedy Trial Act.  For the reasons set forth herein, the Defendant's motion is DENIED.

I. **Facts and Timelines**

A. **Prior Indictment; 2:22CR00011 BSM (the "Gladney Indictment")**

On April 15, 2022, a federal criminal complaint was filed charging Freddie Gladney, III ("Gladney") with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Gladney appeared before the magistrate judge on April 18, 2022, for an initial appearance. On May 3, 2022, a federal grand jury returned an Indictment in Case No. 2:22CR00011 BSM (the "Gladney Indictment") charging Gladney with three offenses:

• Possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 1);

• Possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count 2).

1

• Possession of a machinegun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3).

On November 9, 2022, the date of Gladney's arrest in the pending case, the United States moved to dismiss the Gladney Indictment without prejudice; the motion to dismiss was granted on November 10, 2022. *See United States v. Gladney,* Case No. 2:22CR0011 BSM.

B.      **Indictment and Superseding Indictment in the Present Case**

On November 1, 2022, a federal grand jury returned an Indictment (hereinafter "the Conspiracy Indictment") charging Gladney and 34 other individuals with a variety of drug trafficking and firearms offenses, including conspiracy to possess and distribute cocaine or marijuana. (Doc. No. 3). The Conspiracy Indictment charged Gladney with ten offenses, including the three offenses that were the subject of the now-dismissed Gladney Indictment:

• Conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count 1);

• Possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 15);

• Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3);

• Aiding and abetting a false statement to a federal firearms licensee to obtain a firearm, in violation of 18 U.S.C. § 922(a)(6) (Counts 6, 7, and 8);

• Possession of a machinegun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 16);

• Possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count 17);

• Use of a communications facility in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 843(b) (Count 32).

The grand jury returned a Superseding Indictment on May 3, 2023. (Doc. No. 496). The

Superseding Indictment expanded the conspiracy period to March 2021 through November 2022, added new counts as to two codefendants, and added forfeiture provisions. No new counts were added as to Gladney with the Superseding Indictment.

**C. Timeline for Both**

A timeline reflecting the dates discussed above and other relevant dates is as follows:

| | |
|---|---|
| April 14, 2022 | Arkansas State Police traffic stop leading to Defendant's arrest. |
| April 15, 2022 | Criminal complaint filed in Case No. 2:22CR00011 BSM. |
| April 18, 2022 | Defendant made an initial appearance and agreed to be detained. |
| May 3, 2022 | A federal grand jury returned the Gladney Indictment. |
| May 13, 2022 | Notice of Hearing filed setting a detention hearing for May 18. |
| May 18, 2022 | Defendant released on OR bond with conditions; jury trial set for June 27, 2022. |
| June 13, 2022 | Defendant requested a continuance due to evidence still being analyzed at the crime lab. The jury trial was reset to October 11, 2022. |
| August 19, 2022 | Defendant requested a continuance which was granted; jury trial reset for May 8, 2023. |
| November 1, 2022 | Defendant was indicted on Case No. 4:22CR300 JM. ("the Conspiracy Indictment") |
| November 9, 2022 | Gladney was arrested for charges in Case No. 4:22CR300-2 JM and on the same date, the Government moved to dismiss the Gladney Indictment, which was dismissed on November 10, 2022. |
| November 14, 2022 | Defendant was arraigned and agreed to order of detention (Doc. No. 151); a jury trial was set on the Conspiracy Indictment for December 19, 2022. |

November 15-December 8, 2022
    Nine separate Motions for Continuance were filed by co-defendants. (Doc. Nos. 158, 179, 185, 195, 202, 242, 281, 289, and 305) Gladney did not file a motion to continue. The Government did not oppose the motions and no objections were filed by the remaining co-defendants, including Gladney.

December 13, 2022    Jury trial continued to July 24, 2023, where the Court indicated that the continuance was justified based upon the "Ends of Justice" as to Gladney. (Doc. No. 315)

May 3, 2023    Superseding indictment filed.

May 17, 2023    Motion to continue filed by co-defendant.

May 19, 2023    The Court set a deadline of May 24, 2023, for any defendant opposing the motions to continue to file a response in opposition. The court stated: "It will not be necessary for any defendant who supports the motions to continue to respond." Gladney did not respond or oppose the motions for continuance.

June 6, 2023    Jury trial continued to February 12, 2024.

January 19, 2024    Gladney filed motions at docket entries 763, 764, 765, 766, 767, and 768.

## II.   Standard of Review

A criminal defendant's statutory right to a speedy trial is codified in the Speedy Trial Act which "requires that a federal criminal defendant be brought to trial within 70 days of his indictment or arraignment, whichever is later." *United States v. Elmardoudi*, 501 F.3d 935, 941 (8th Cir. 2007) (quoting 18 U.S.C. § 3161(c)(1)). However, the statute outlines several "excludable periods of time." *Id.* (quoting § 3161(h)). "If more than 70 *nonexcludable days* elapse without the defendant being brought to trial, the indictment shall be dismissed upon the defendant's motion." *Id.* (quoting 18 U.S.C. § 3162(a)(2)) (emphasis added). The Speedy Trial Act also directs, with some exceptions, that no more than 30 days pass between arrest and

4

indictment, 18 U.S.C. §3161(b).

The Sixth Amendment also secures the right to a speedy trial. *Id.* at 943. This right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Cooley*, 63 F.4th 1173, 1177 (8th Cir. 2023). In analyzing the Sixth Amendment right to a speedy trial, the Court is first tasked with determining whether the delay between indictment and defendant's motion to dismiss was presumptively prejudicial. *Id*. If so, the Court must "analyze the four factors ... under *Barker v. Wingo*, 407 U.S. 514 (1972)," to determine if a Sixth Amendment violation has occurred. *Id.* The four factors include: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of her speedy trial right; and (4) prejudice to the defendant. *Id.*

### III. Motion to Dismiss

#### A. Timely Indictment

Under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1988) (the "Act"), an indictment must be filed within 30 days after the defendant is arrested or charged by summons with a crime. 18 U.S.C. § 3161(b). On April 15, 2022, a federal criminal complaint was filed charging Gladney with a violation of 18 U.S.C. §924(c), possession of a firearm in furtherance of a drug trafficking crime. Gladney was arrested on the corresponding federal warrant on April 18, 2022. The indictment on this charge (the §924(c) charge) was returned on May 3, 2022, within the 30-day period. As stated, the indictment included additional counts under 18 U.S.C. §922(o) and 21 U.S.C. §841(a)(1).

Gladney argues that the current indictment filed in Case No. 4:22CR300 JM filed November 1, 2022, should be dismissed because it was not filed within 30 days of his arrest on

April 18, 2022. The Act requires that an indictment must be filed against an individual "within thirty days from the date on which such individual was arrested or served with a summons in connection with <u>such charges</u>." *United States v. Haynes*, 958 F.3d 709, 713 (8th Cir. 2020)(emphasis added). Here, the 30-day clock applies only to the §924(c) charge contained in the federal arrest warrant and that charge was timely indicted within 30 days of arrest.

The three offenses charged against Gladney in the indictment in Case No. 2:22CR00011 BSM were included in the Indictment in Case No. 4:22CR300-2 JM. "When a defendant is indicted within the thirty-day period and then re-indicted on identical charges based on identical facts after the expiration of the thirty-day period, the purpose of the thirty-day rule is satisfied; because the original indictment put the defendant on notice as to what charges he would confront at trial, he is not prejudiced by the original indictment's tolling of the thirty-day period." *United States v. Berry*, 90 F.3d 148, 151 (6th Cir. 1996). Further, a defendant's arrest on one charge does not necessarily trigger the right to a speedy trial on another charge filed after his arrest. *United States v. Miller,* 23 F.3d 194, 199 (8th Cir. 1994). Finally, the conspiracy charged in Case No. 4:22CR00300 JM alleged a conspiracy between 35 individuals from March 2021 to October 2022.[1] The traffic stop which resulted in the previous indictment occurred on April 15, 2022, within the conspiracy period. For these reasons there was no violation of the 30-day rule.

**B. 70 Day Speedy Trial Clock**

Gladney argues that more than seventy days have passed since speedy trial attached at the time of his arrest on April 18, 2022. "If a defendant is not brought to trial within the time

---

1 The superseding indictment filed May 3, 2023 amended the conspiracy dates to March 2021 through November 2022.

6

limit required by section 3161(c) as extended by [the excluded delays of] section 3161(h), the information or indictment *shall* be dismissed on motion of the defendant." *United States v. Titlbach*, 339 F.3d 692, 698 (8th Cir. 2003) (citations omitted).

In the context of Case No. 2:22CR00011 BSM, Gladney first appeared on April 18, 2022, and the indictment was made public on May 3, 2022. The 70-day clock runs from the "filing date (and making public) of the indictment . . . or from the date the defendant has appeared before a judicial officer of the court . . . whichever date last occurs." 18 U.S.C. §3161(c)(1). "However, certain periods of time may be excluded." *Id*. (citing *See* 18 U.S.C. § 3161(h)).  Pursuant to 18 U.S.C. §3161(h)(1)(F), any period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion" is excludable. 18 U.S.C. §3161(h)(1)(D).

The following table illustrates that between Day 1 of Case No. 2:22CR00011 BSM and the date the case was dismissed without prejudice, 19 of 70 days accrued on the speedy trial clock. Accordingly, there was no Speedy Trial violation during the pendency of Case No. 2:22CR00011 BSM.

| 05/03/2022 | 2:22CR00011 BSM Indictment returned. First trial setting is 06/27/2022 (Doc. 18) |
|---|---|
| 05/04/2022 – 05/08/2022 | **5 days accrued** |
| 05/09/2022 – 05/27/2022 | Speedy Trial tolled:<br>o  05/09/2022 Motion to Substitute Attorney filed (Doc. 11)<br>o  05/12/2022 Motion for Pretrial Release filed (Doc. 12)<br>o  05/13/2022 Order Granting Mot. Substitute Attorney (Doc. 15)<br>o  05/27/2022 Orders Releasing Defendant (Doc. 27, 31) |
| 05/28/2022 – 05/30/2022 | **3 days accrued** |
| 05/31/2022 – 06/01/2022 | Speedy Trial tolled:<br>o  05/31/2022 Motion to Travel (Doc. 28)<br>o  06/01/2022 Order Granting Motion to Travel (Doc. 30) |

| 06/02/2022 – 06/12/2022 | **11 days accrued** |
|---|---|
| 06/13/2022 – 10/11/2022 | Speedy Trial tolled:<br>o 06/13/2022 Defendant's First Motion to Continue Trial (Doc. 32)<br>o 06/13/2022 Order Granting Motion to Continue Trial and Resetting Trial to 10/11/2022 (Doc. 33)<br>o 06/21/2022 Motion to Travel (Doc. 34)<br>o 06/22/2022 Order Denying Motion to Travel as Moot (Doc. 37) |
| 08/19/2022 – 05/23/2023 | Speedy Trial tolled:<br>o 08/19/2022 Defendant's Second Motion to Continue trial (Doc. 40)<br>o 08/23/2022 Order Granting Motion to Continue Trial (Doc. 41)<br>o 09/02/2022 Motion to Modify Conditions of Release (Doc. 42)<br>o 09/06/2022 Order Modifying Conditions of Release (Doc. 44)<br>10/11/2022 Motion for Return of Property (Doc. 45) |
| 11/10/2022 | Order dismissing case without prejudice (Doc. 49) upon Government's Motion (Doc. 48) |

On November 1, 2022, the Government filed the 35-defendant, 61-count indictment in 4:22CR00300 which contained 10 counts against Gladney, including the 3 counts contained in the 2:22CR00011 BSM indictment. Pursuant to 18 U.S.C. §3161(h)(7), "when a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant." *United States v. Lightfoot*, 483 F.3d 876, 885–86 (8th Cir. 2007). Accordingly, Gladney's speedy trial clock reset on November 14, 2022, the date on which he appeared before the court on the 4:22CR00300 indictment. A review of the case docket, which as of this date includes 952 docket entries, demonstrates that there has been no violation of the 70-day speedy trial clock. Numerous motions including motions to continue

8

were filed throughout the pendency of the case. Gladney filed a number of these motions.

On November 17, 2022, Gladney requested a detention hearing. (Doc.181). Gladney then requested the hearing be continued to an undetermined date on November 18, 2022. (Doc.187). On December 8, 2022, Gladney filed another motion for release from custody, which was heard and decided on December 14, 2022. (Doc.303, 329). On December 24, 2022, Gladney filed a motion to substitute attorney, which was granted on December 27, 2022. (Doc.340, 343). On December 24, 2022, Gladney field an appeal of the detention decision. (Doc.341). After briefing by the parties, this appeal was denied on January 24, 2023. (Doc.399). After the superseding indictment was returned on May 3, 2023, Gladney filed a motion to continue his plea and arraignment date to May 11, 2023, which was granted. (Doc.516, 522, 541). On August 2, 2023, Gladney filed a motion to substitute attorney which was granted on the same date. (Doc.661, 662). On August 22, 2023, Gladney filed a motion for reconsideration and to reopen his detention hearing. (Doc. 669). This motion was denied September 7, 2023. (Doc. 674). On September 20, 2023, Gladney appealed the denial of his motion for reconsideration. (Doc. 681). This appeal was denied on September 25, 2023. (Doc.684). Gladney filed four motions in limine, three motions to suppress, and a motion to dismiss on January 19, 2024. (Doc. 761-768).

Finally, Gladney argues that the indictment should be dismissed because he has been held in detention awaiting trial for more than 90 days. See. 18 U.S.C. §3164. However, periods of delay which are excludable pursuant to §3161(h) are excluded in computing the time limitation in § 3164.

The following chart demonstrates that there has been no non-excludable period of time since Gladney's first appearance.

| | |
|---|---|
| 11/01/2022<br>11/14/2022 | **4:22CR00300 Indictment returned.**<br>**Gladney first appearance**<br>**First trial setting is 12/19/2022 (Doc. 82)** |
| 11/14/2022 | Speedy Trial tolled:<br>○ Gladney initial appearance (Doc. 81) |
| 11/15/2022- 07/24/2023 | Speedy Trial tolled:<br>Parker motion to continue (Doc. 158) granted 12/13/2022 (Doc. 315) |
| 12/13/2022 | Speedy Trial tolled:<br>○ Gladney motion to disqualify Judge (Doc. 316) |
| 12/13/2022 – 07/24/2023 | Order granting motion to continue resetting trial to July 24, 2023 |
| 05/17/2023 | Gladney Jr. motion to continue (564) |
| 05/19/2023 | Order asking for objection by 05/24/2023 (Doc. 588) |
| 06/06/2023 – 02/12/2024 | Order granting motion to continue resetting trial to 02/12/2024 (Doc. 633) |
| 01/19/2024 | Gladney motions filed (Doc. 763, 764, 765, 766, 767, 768) |
| 02/20/2024 – 04/9/2024 | Order granting motion to continue resetting trial date to 04/09/2024 |

For these reasons, Gladney's motion to dismiss the indictment based on the Speedy Trial Act is denied.

    **C.**    **Sixth Amendment**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. The right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir.2006). For Sixth Amendment claims, the

Court considers a four-factor balancing test to determine whether the Defendant's Sixth Amendment right to a speedy trial has been violated. The factors include: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "In performing this test "the conduct of both the prosecution and the defendant are weighed." *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009) (quoting *United States v. Shephard*, 462 F.3d 847, 864 (8th Cir. 2006)).

The first factor, length of the delay between arrest or indictment and the commencement of the trial, is "a triggering mechanism." *Barker*, 407 U.S. at 530. "If this initial showing is made, [courts] 'consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" *United States v. McGhee*, 532 F.3d 733, 739 (8th Cir. 2008) (quoting *United States v. DeGarmo*, 450 F.3d 360, 365 (8th Cir. 2006)). The Court acknowledges that the delay in this case has been lengthy. But the Eighth Circuit has permitted even longer delays under the Sixth Amendment. *See United States v. Jenkins–Watts*, 574 F.3d 950 (8th Cir. 2009) (over eighteen months); *United States v. Summage*, 575 F.3d 864 (8th Cir. 2009) (over thirty-two months); *United States v. Aldaco*, 477 F.3d 1008 (8th Cir. 2007) (forty months). Ultimately, a delay approaching one year is presumptively prejudicial. Therefore, the Court will examine the other factors.

Under the second *Barker* factor, the Court examines the reasons for the delay and evaluates whether the government or the defendant is more to blame. *Summage*, 575 F3d at 876. As stated, "[m]otions filed by one defendant in a multi-defendant case count as motions filed by all of the defendants, and the reasonable time taken to determine those motions will count as

excludable time for all defendants." *United States v. Fuller*, 942 F.2d 454, 457 (8th Cir. 1991) (citing *United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir.1982), *cert. denied*, 460 U.S. 1040, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983)). It is clear that the delay in this case has been due to defendant and co-defendant motions, not the Government. This factor weighs against the Defendant's efforts to prove he was denied a speedy trial.

Under the third *Barker* factor, the Court considers 'whether in due course the defendant asserted his right to a speedy trial. *United States v. Erenas-Luna*, 560 F.3d 772, 776 (8th Cir. 2009). The Supreme Court has "emphasize[d] that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532. Defendant first asserted his right to a speedy trial in a motion filed on January 19, 2024. At the same time, Defendant filed four motions in limine and three motions to suppress. The Government filed an unopposed motion for extension of time to respond to the Defendant's motions which was granted on February 2, 2024. On February 26, 2024, the Government filed responses to all the Defendant's motions. The Defendant further filed replies to three of his motions including the instant motion on March 21, 2024, and did not object to oral arguments before the Court on March 25, 2024. Moreover, the Defendant did not oppose any of his co-defendants' motions to continue the trial date until January 15, 2024. This factor weighs against Defendant's Sixth Amendment argument.

The fourth factor is prejudice to the Defendant. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense

12

will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

The Defendant states that he has suffered prejudice in the form of anxiety about his contracts as an entertainer and his ability to financially provide for those who depend on him. He states that "[w]hile incarceration in and of itself is a substantial source of anxiety, knowing that this incarceration is detrimental to his career, his financial future, and his family's wellbeing is causing [him] additional anxiety." (Def's Mot. to Dismiss, Doc. 768 at p. 10). The Defendant's argument on this issue is well taken. There is no doubt that the Defendant's incarceration has hindered his ability to perform as an entertainer and his ability to provide for his family. However, there is no evidence for the Court to consider regarding the actual extent of his anxiety or the detriment to his career. In addition, the Defendant has not indicated that the length of the delay has resulted in an inability to prepare his defense, such as witness death, disappearance, or loss of memory.

After balancing the *Barker* factors, the Court finds that the Defendant was not deprived of his due process right to a speedy trial under the Sixth Amendment. Particularly telling is the fact that the Defendant never objected to his co-defendants' motions for continuance until January 2024.

        **D.**        **December 13, 2022 Continuance Order**

On December 13, 2022, the Court granted a motion for continuance based upon the motions of nine of Defendant's co-defendants. The Court stated that the interests of justice would be served by granting the continuance and those interests outweighed the best interests of the public and the defendant for a speedy trial. The Court noted that the issues are such that to

13

deny the motion would deny counsel for the defendant the reasonable time necessary for effective preparation for trial and inherent development of any and all proper defenses which might be averred on the defendant's behalf. As stated previously, Defendant did not file an objection to any of the nine motions for continuance. Although the Court stated the reasons for granting the continuance, the Defendant now argues that the order was inadequate under the "ends of justice" provision of 18 U.S.C. § 3161(h)(7)(A). In light of this argument, the Court will explain the ruling in more detail. *See United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (the statement of reasons need not be made contemporaneously with the order to continue because the Act's "reasons" requirement is satisfied by subsequent memorandum explaining the court's decision).

At the time the Court granted the motions for continuance, trial was scheduled for December 19, 2022. As stated, nine defendants requested a continuance. Specifically, Defendants Marcus Hughes and Deandre Gates had newly appointed attorneys who stated that they would not have adequate time to prepare for trial. Hughes and his attorney had not even had an opportunity to meet. (ECF No. 289, 202). Defendants L.C. Davis, Jennifer Lenair, and Hershel Jones had only been indicted since November 1, 2022, and were arraigned on November 10, 2022. Given the fact that all 35 defendants had not even made an initial appearance for plea and arraignment, the defendants' need for a reasonable amount of time to meet with counsel, to review discovery, and to adequately prepare for trial, the Court found that it would have been a miscarriage of justice to deny the defendants' motions to continue. The evidentiary and procedural complexity of this large trial certainly justified the continuance pursuant to 18 U.S.C. § 3161(h)(7)(A).

## IV.     Conclusion

Defendant's motion to dismiss the Superseding Indictment (Doc. No. 768) is DENIED.

IT IS SO ORDERED this 4th day of April, 2024.

_____
James M. Moody Jr.
United States District Judge