IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:22CR00300-2 JM |
| | ) | |
| FREDDIE GLADNEY, III | ) | |
|    a/k/a BANKROLL FREDDIE | ) | |
|    a/k/a DEE DEE | ) | |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE PROPOSED EXPERT TESTIMONY**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, Amanda Fields, Julie Peters, and Reese Lancaster, Assistant United States Attorneys for said district, states the following for its Motion in Limine to Exclude Proposed Expert Testimony.

**I.  BACKGROUND**

Freddie Gladney, III (Gladney), is set to be tried on charges of conspiracy to distribute and possess with intent to distribute marijuana and cocaine, possession with intent to distribute marijuana, possession of a firearm in furtherance of a drug trafficking crime, aiding and abetting a false statement to a federal firearms licensee to obtain a firearm, possession of a machinegun, possession of a machinegun in furtherance of a drug trafficking crime, and use of a communications facility in furtherance of a drug trafficking crime. The United States filed a notice of intent to introduce certain clips from music videos in which Gladney performs rap songs under the pseudonym "Bankroll Freddie." (Doc. No. 898). Gladney objected to the introduction of the clips. (Doc. No. 947). This Court overruled Gladney's objections. (Doc. No. 975).

Gladney has provided the United States with a "Notice of Intent to Offer Expert Testimony Regarding Hip Hop and Rap Music," which does not appear to have been publicly filed. In the notice, Gladney states that he

1

intends to call andre douglas pound cummings, an associate dean at UALR Bowen School of Law, to testify as an expert witness regarding hip hop and rap music. The notice further states that cummings is expected to testify:

- about the historical evolution of African American music;
- regarding performers often not being the authors of their work and hip hop often being falsely considered to be literal;
- about statistical data regarding the use of artistic expression at trial;
- to provide "general rebuttal to any evidence the Government introduced regarding Gladney's rap lyrics";
- regarding the value of introducing rap lyrics at trial; and
- regarding the unreliability of rap lyrics when used for their literal meaning.

For the following reasons, the United States moves in limine to preclude the proposed testimony by cummings.

## II.   THE PROPOSED NEITHER IS NOT RELEVANT AND WILL NOT HELP THE JURY TO UNDERSTAND THE EVIDENCE OR DETERMINE A FACT IN ISSUE.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The proposed testimony by cummings is not relevant to any issue at trial. As noted above, Gladney indicates that cummings would testify regarding the roots of African American music, performer's authorship of their work, artistic expression at trial, the value of introducing lyrics, and the unreliability of rap music when used for its literal meaning. None of these issues are relevant at trial. As it stated in its prior pleadings before this Court, the United States intends to introduce the clips solely for the purpose of proving Gladney's familiarity with terms that he uses in other evidence to be introduced at trial. The fact that he does so in a rap song is irrelevant. The possibility that he did not write the lyrics is irrelevant. The possibility that the lyrics are not autobiographical is irrelevant. Issues regarding the introduction of rap lyrics or artistic expression are irrelevant. The United States is

not seeking to introduce the clips for any purpose for which the proposed testimony would be relevant. The sole purpose of the clips is to demonstrate that Gladney used specific terminology in the clips while performing actions that demonstrate the context of those terms and that, based on the evidence, he is aware of their meaning when he uses them in other evidence not related to his hip-hop persona. Because the proposed expert testimony does not touch on that issue, it would do nothing to make any fact of consequence more or less probable than it would be without the evidence. As such, the proposed testimony is irrelevant and should be excluded.

For many of the same reasons, the proposed expert testimony fails to meet the requirements of Federal Rule of Evidence 702, which states "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Because the proposed testimony does not pertain to the purpose for which the clips are being introduced, it would not help the jury understand the evidence or determine a fact in issue. Indeed, there is a serious risk that the proposed testimony would only serve to confuse or mislead the jury. It is anticipated that this Court will instruct the jury as to the purposes for which it can consider the clips. To have an expert later take the stand and testify about issues outside of that instruction would serve to mislead the jury or confuse it regarding the purposes for which it can properly consider the evidence. Accordingly, the testimony should not be permitted.

WHEREFORE, the United States respectfully requests that this Court grant is motion in limine and preclude cummings from testifying at trial.

Respectfully Submitted,

JONATHAN D. ROSS
United States Attorney

AMANDA FIELDS
Assistant U.S. Attorney
Bar No. AR 2009078
P.O. Box 1229
Little Rock, AR  72203
501-340-2600
Amanda.Fields@usdoj.gov
