IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 4:22CR-00300-2 JM |
| | ) | |
| FREDDIE GLADNEY, III | ) | |

**RESPONSE TO UNITED STATES' MOTION IN LIMINE TO EXCLUDE
PROPOSED EXPERT TESTIMONY**

Comes now the Defendant, by and through counsel, Bobby R. Digby II, and for his Response to United States' Motion in Limine to Exclude Proposed Expert Testimony, states:

On April 4, 2024, Defendant provided the Government with the attached Notice of Intent to Offer Expert Testimony Regarding Hip Hop and Rap Music. On April 5, 2024, the Government filed a Motion in Limine to Exclude Proposed Testimony from the Defendant's Expert Witness related to the Government's introduction of Gladney's rap lyrics. The Government argues that the proposed expert testimony is not relevant and will not help the jury to understand the evidence or determine a fact in issue. The Government claims that it is introducing the lyrics solely for the purpose of proving Gladney's familiarity with terms that he uses in other evidence to be introduced at trial. The Government further argues that the fact these terms are used in a rap song, that the possibility that Gladney did not write the song, the possibility that the lyrics are not autobiographical in nature, and issues regarding the artistic expression of the lyrics as all irrelevant. However, the Government is clearly wrong.

1

While the alleged purpose of introducing the lyrics is to show Gladney's familiarity of the terms used in the lyrics (something that the Government can and will likely do by introducing the wiretaps), there is no doubt that the jury will consider the lyrics for other purposes. This is even more likely when the Government has a law enforcement expert testify about the meaning of the terms in the lyrics. A limiting instruction by the Court does not offer Gladney sufficient protection against the lyrics being improperly used.

Gladney's proposed expert witness would offer added protections against the lyrics being improperly used against Gladney while still allowing the Government to introduce them for the Government's intended purposes. The fact that these lyrics are contained in a rap song, not some other conversation, are extremely relevant. The proposed expert for the Defense would be able to explain to the jury why it is relevant and why rap lyrics should not be used for the literal meaning of the words contained in them. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. This is a very low standard to meet, and the proposed testimony of Gladney's expert clearly meets the standard needed to be considered relevant.

The Government further argues that the proposed expert fails to meet the requirements of Federal Rules of Evidence 702 because the proposed testimony does not pertain to the purpose for which the clips are being introduced. However, the proposed expert is being used to rebut the Government's expert expected to testify that Gladney uses words in his lyrics that are used by drug traffickers. As the Government has stated, the purpose of introducing the lyrics is to show Gladney's familiarity with those words. The proposed testimony of the Defendant's expert is expected to rebut the Government's allegation that because Gladney's rap lyrics include those terms, he must be familiar with

their exact meanings. This would absolutely help the jury understand the evidence and determine facts in issue. The Government argues that allowing Gladney's expert to testify would pose a serious risk of confusing or misleading the jury. However, quite the opposite is true. Only allowing one expert to testify and lead the jury to believe that because Gladney uses the terms in his rap (in places where those terms happen to rhyme with other lyrics) equates to him having the knowledge of exactly what those terms mean is what would confuse or mislead the jury. As previously mentioned, a jury instruction alone is not sufficient to protect Gladney from the jury using these lyrics improperly. This expert provides Gladney with an added layer of protection while still allowing the Government to use the lyrics for the purposes they claim to want to use them. To allow the Government to introduce the lyrics while a law enforcement expert witness testifies about them, and then not allow Gladney to rebut that expert with his own expert would absolutely deny Gladney the right to provide a complete defense in his case. The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense and this right is abridged by evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve. *Holmes v. South Carolina*, 547 U.S. 319 (2006). Only allowing the jury to hear evidence that supports the Government's position would violate Mr. Gladney's constitutional rights.

      WHEREFORE, the Defendant, Freddie Gladney, III, requests that this Court deny the Government's Motion in Limine; allow the Defendant to use his expert's testimony to rebut the Government's expert's testimony; and for all other relief to which he may be entitled.

Respectfully submitted,

DIGBY LAW FIRM

        109 West South Street
        Benton, Arkansas 72015
        Office:  (501) 500-9292
        Fax:     (501) 500-9293
        Email:  bdigby2@yahoo.com

/s/ Bobby R. Digby
BOBBY R. DIGBY II (2005222)

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was delivered to the United States on April 8, 2024, to the following via the CM/ECF system:

/s/ Bobby R. Digby
BOBBY R. DIGBY II