AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT

## Eastern District of Arkansas

UNITED STATES OF AMERICA ) **JUDGMENT IN A CRIMINAL CASE**
v. )
FREDDIE GLADNEY, III ) Case Number:  4:22-cr-00300-JM-02
) USM Number:  96583-509
)
) Bobby R. Digby, II
) Defendant's Attorney

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 1 2024

TAMMY H. DOWNS, CLERK
By: ___K. Moore___
DEP CLERK

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)    1s, 15s, 16s, and 32s of Superseding Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846; and 841(a)(1) and (b)(1)(D) | Conspiracy to possess with intent to distribute marijuana, a Class D felony | 11/30/2022 | 1s |

    The defendant is sentenced as provided in pages 2 through ____8____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)    2s, 3s, 6s, 7s, 8s, and 17s of Superseding Indictment

☑ Count(s)  1-3, 6-8, 15, 16, 17, and
32 of Original Indictment    ☐ is  ☑ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/1/2024
Date of Imposition of Judgment

_____
Signature of Judge

JAMES M. MOODY JR., U.S. DISTRICT JUDGE
Name and Title of Judge

11/1/24
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT:  FREDDIE GLADNEY, III
CASE NUMBER:  4:22-cr-00300-JM-02

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(D) | Possession with intent to distribute marijuana, a Class D felony | 4/14/2022 | 15s |
| 18 U.S.C. § 924(c)(1)(A) | Possession of firearms in furtherance of a drug-trafficking crime, a Class A felony | 4/14/2022 | 16s |
| 21 U.S.C. § 843(b) | Use of a communications facility in furtherance of a drug-trafficking crime, a Class E felony | 4/27/2021 | 32s |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:  FREDDIE GLADNEY, III
CASE NUMBER:  4:22-cr-00300-JM-02

Judgment — Page __3__ of __8__

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

60 MONTHS on Counts 1s and 15s and 48 MONTHS on Count 32s to be served concurrent; and 90 MONTHS on Count 16s to run consecutively to the terms imposed on Counts 1s, 15s, and 32s, for a TOTAL TERM of 150 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the defendant participate in residential substance abuse treatment, mental health treatment, and educational and vocational programs during incarceration.  The Court futher recommends FCI Forrest City to allow the defendant to remain near his family.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                  Sheet 3 — Supervised Release

DEFENDANT:  FREDDIE GLADNEY, III
CASE NUMBER:  4:22-cr-00300-JM-02

Judgment—Page  __4__  of  __8__

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

THREE (3) YEARS on Counts 1s, 15s, and 16s and ONE (1) YEAR on Count 32s to be served concurrently for a TOTAL TERM OF THREE (3) YEARS

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

| | Judgment—Page | 5 | of | 8 |

DEFENDANT:  FREDDIE GLADNEY, III
CASE NUMBER:  4:22-cr-00300-JM-02

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature  _____    Date  _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                         Sheet 3B — Supervised Release

Judgment—Page   6   of   8

DEFENDANT:   FREDDIE GLADNEY, III
CASE NUMBER:   4:22-cr-00300-JM-02

## ADDITIONAL SUPERVISED RELEASE TERMS

14)  The defendant must participate under the guidance and supervision of the probation office in a substance abuse treatment program which may include drug and alcohol testing, outpatient counseling, and residential treatment.  The defendant must abstain from the use of alcohol during treatment and throughout supervision.  The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

15)  The defendant must participate in a mental health treatment program under the guidance and supervision of the probation office.  The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: FREDDIE GLADNEY, III

CASE NUMBER: 4:22-cr-00300-JM-02

Judgment — Page ___7___ of ___8___

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ 0.00 | $ _____ 0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)
Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | | |
|---|---|---|
| DEFENDANT: FREDDIE GLADNEY, III | Judgment — Page | 8 of 8 |
| CASE NUMBER: 4:22-cr-00300-JM-02 | | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ ___400.00___ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Firearms and ammunition listed in the Forfeiture Agreement. Also, $242,000 money judgment. See attached Forfeiture Agreement for details.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA    )
    )
v.    )   No. 4:22CR00300-2 JM
    )
FREDDIE GLADNEY, III    )

## FORFEITURE AGREEMENT

This settlement agreement is entered into between the United States of America, through the United States Attorney for the Eastern District of Arkansas Jonathan D. Ross and Assistant United States Attorney Julie Peters, and FREDDIE GLADNEY, III, ("GLADNEY") through his counsel, Bobby Digby.  The United States and GLADNEY will be referred to in this agreement collectively as "the Parties."

1.    On April 12, 2024, a jury determined that FREDDIE GLADNEY, III ("Defendant") committed conspiracy to distribute or possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Fifteen); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Sixteen); and use of a communications facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b) (Count Thirty-Two),

2.    The Defendant waived his right to a jury determination of the forfeitures sought by the United States

3.    On September 6, 2024, the Court entered a preliminary order of forfeiture, ordering the entry of a forfeiture money judgment equal to the amount of the proceeds from

1

the offense, to be determined at sentencing. *See* docket no. 1182.

4.    The Court ordered that the United States Attorney General or a designee (collectively "Attorney General") was authorized to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(3).

5.    The parties now desire to enter into a forfeiture agreement to resolve the dispute over the amount of the money judgment, substitute assets, and satisfaction of the money judgment.

6.    The terms of the Forfeiture Agreement are set forth below.

<u>TERMS OF THE AGREEMENT</u>

7.    The parties agree that GLADNEY shall forfeit to the United States, under Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c), the following firearms and ammunition involved in the commission of the offense:

    a.  a Romarm/Cugir, model Micro Draco, 7.62x39mm, pistol, bearing serial number ROA 22 PMD-28522;

    b.  a Polymer80, model PF940C, 9mm, privately-made firearm, bearing no serial number; and

    c.  ammunition.

8.    The parties agree that a forfeiture money judgment against GLADNEY shall be equal to the amount of his proceeds from the offense of conviction.

9.    The parties agree that for purposes of this forfeiture settlement agreement,

the amount of the money judgment shall be $242,000.

10.     The parties agree that the money judgment can be satisfied by seizing substitute assets because the elements of Title 21, United States Code, Section 853(p) are satisfied.

11.     The United States has identified the following substitute assets:

      a.  11 items of jewelry seized from GLADNEY in Marion, Arkansas, on or about April 14, 2022;

      b.  $63,980.00 in cash seized from GLADNEY on or about May 6, 2021 in Atlanta, GA.

      c.  19 items of jewelry seized from GLADNEY on or about May 6, 2021 in Atlanta, GA.

12.     The United States agrees to return the 19 items of jewelry seized on or about May 6, 2021 in Atlanta, GA; and one pendant seized on or about April 14, 2022, in Marion, Arkansas (described as "a large round picture pendant, 10 karat rose gold with diamonds, engraved on the back "long live jizzle", engraved image of a cat, engraved "the champ", and "swipe god", with a picture of a long haired black male, with a red and white cap).

13.     GLADNEY agrees to surrender any claim to the remaining 10 items of jewelry seized from GLADNEY on or about April 14, 2022, in Marion, Arkansas.

14.     GLADNEY agrees to surrender any claim to the $63,980.00 cash seized from GLADNEY on or about May 6, 2021 in Atlanta, GA.

15.     The $63,980.00 cash seized from GLADNEY on or about May 6, 2021, will be credited against GLADNEY's forfeiture money judgment.

3

16.    Title to the 10 items of jewelry seized on April 14, 2022 in Marion, Arkansas, will pass to the United States and be sold at auction. The funds received from the auction of these items will satisfy the outstanding balance owed on GLADNEY's forfeiture money judgment.

17.    GLADNEY hereby releases, forever discharges, and holds harmless the United States of America, its officers, agents, servants, and employees, from any and all actions, causes of action, suits, proceedings, debts, judgments, damages, claims or demands whatsoever in law or equity that Gladney, his heirs, successors, or assignees ever had, now have, or may have, whether known or unknown, vested or contingent, in connection with the seizure and detention of the property described in this agreement, including, but not limited to, any claim filed under Title 28, United States Code, Section 2412.

18.    The United States agrees to take no further action to collect the debt owed on the forfeiture money judgment (including by seizing otherwise available substitute assets).

19.    In the event of a material breach of this agreement, the United States shall have the right to pursue collection of the debt through all lawful means, including by seizure of any and all otherwise available substitute assets.

20.    Each party agrees to pay their own attorney's fees and costs.

[END OF TEXT. SIGNATURE PAGE ATTACHED.]

4

DATED this 29th day of October, 2024.


FREDDIE GLADNEY, III
DEFENDANT

BOBBY DIGBY
DEFENSE COUNSEL

JONATHAN D. ROSS
United States Attorney


JULIE PETERS
ASSISTANT U.S. ATTORNEY

5